OWEN, Judge.
Dale Edward Hollingshead was separately informed against for leaving the scene of an accident involving a fatality, proscribed by F.S. Section 317.071, F.S.A., and manslaughter by operation of a motor vehicle while intoxicated, proscribed by F.S. Section 860.01, F.S.A. The state appeals an. identical order in each case, which granted defendant’s motion to suppress the results of blood tests administered to him in the hospital after his arrest following the accident.
Mr. Hollingshead did not voluntarily consent to the withdrawal of the blood sample. We think it evident from the record that the court granted the motions to suppress the blood test solely because of the absence of voluntary consent on the part of the defendant. However, the trial court did not at that time have the benefit of the opinion of the Supreme Court of Florida in the case of State v. Mitchell, 245 So.2d 618, opinion filed March 3, 1971, recognizing that under certain circumstances the donor’s voluntary consent to withdrawal of a blood sample is immaterial. See also, Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), and Wilson v. State, Fla.1969, 225 So.2d 321.
The order appealed in each case is reversed and these causes remanded for the purpose of the motions being further considered in light of the authorities above cited, with the court authorized to conduct a further evidentiary hearing on the motion in each case to the extent it deems it necessary or desirable to do so.
Reversed and remanded.
WALDEN and REED, JJ., concur.